**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LAURA PANGILINAN FIGUEROA,** ) | **NO. ED CV 17-0026-KS** |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| **NANCY A. BERRYHILL**, Acting ) | |
| **Commissioner of Social Security,** ) | |
| Defendant. ) | |
| _____ ) | |

**INTRODUCTION**

Laura Pangilinan Figueroa ("Plaintiff") filed a Complaint on January 7, 2017, seeking review of the denial of her application for a period of disability and disability insurance benefits ("DIB"). (Dkt. No. 1.) The parties have consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 13-15.) On December 27, 2017, the parties filed a Joint Stipulation. (Dkt. No. 32 ("Joint Stip.").) Plaintiff seeks an order reversing the Commissioner's decision and remanding the matter for further administrative proceedings. (Joint Stip. at 20.) The Commissioner requests that the ALJ's decision be affirmed. (*Id.*) The Court has taken the matter under submission without oral argument.

1

**SUMMARY OF PRIOR ADMINISTRATIVE AND JUDICIAL PROCEEDINGS**

On October 22, 2009, Plaintiff, who was born on September 9, 1954, filed an application for a period of disability and DIB. (Administrative Record ("AR") 59-62, 87.) Plaintiff alleged disability commencing on October 1, 2009 due to a left arm nerve injury, numbness in her legs, back pain, and neck pain. (AR 35, 59.) Plaintiff's date last insured was December 31, 2009. (AR 19.) After the Commissioner denied Plaintiff's application initially (AR 35-38) and on reconsideration (AR 40-44), Plaintiff requested a hearing (AR 45).

At a hearing held on February 23, 2012, at which Plaintiff appeared with counsel, an Administrative Law Judge ("ALJ") heard testimony from Plaintiff and a vocational expert. (AR 268-305.) On March 2, 2012, the ALJ issued an unfavorable decision denying Plaintiff's application for a period of disability and DIB. (AR 17-29.) On March 2, 2013, the Appeals Council denied Plaintiff's request for review. (AR 5-8.)

On May 1, 2013, Plaintiff filed an action in the district court appealing the Commissioner's final decision. *See* Case No. ED CV 13-8140-CW. On March 5, 2014, the previously-assigned Magistrate Judge reversed the Commissioner's decision and remanded the matter for further administrative proceedings. *See id*., Dkt. No. 20-21. On June 14, 2014, the Appeals Council vacated the ALJ's prior decision and directed further administrative proceedings consistent with the district court's order. (AR 370.)

At a hearing held on April 15, 2016, at which Plaintiff appeared with counsel, the ALJ heard testimony from a medical expert and a vocational expert. (AR 758-800.) On July 7, 2016, the ALJ issued an unfavorable decision denying Plaintiff's application for a period of disability and DIB. (AR 316-26.) On November 15, 2016, the Appeals Council denied Plaintiff's request for review. (AR 306-09.)

**SUMMARY OF LATEST ADMINISTRATIVE DECISION**

The ALJ made the following findings in the latest decision pursuant to the five-step sequential evaluation process. Plaintiff had not engaged in substantial gainful activity during the period from her October 1, 2009 alleged onset date to her date last insured of December 31, 2009. (AR 318.) Plaintiff had the following severe impairments: left shoulder degenerative joint disease, mild degenerative disc disease of the cervical spine, lumbar spine strain, bilateral knee pain, and rule out lateral meniscus tear in the left knee. (*Id.*) Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in the Commissioner's Listing of Impairments. (AR 319.) Plaintiff had the residual functional capacity ("RFC") to perform a range of medium work as defined in 20 C.F.R. § 404.1567(c). (AR 319.)[1] Based on this RFC, Plaintiff was capable of performing her past relevant work as a sewing machine operator, home health aide, and child monitor. (AR 324-25.) Thus, Plaintiff was not disabled within the meaning of the Social Security Act. (AR 325.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the

---

[1] The ALJ's initial and second RFC determinations each incorporated some additional limitations — such as in climbing ladders, ropes or scaffolds, and in balancing, stooping, kneeling, crouching, or crawling — which are not relevant to the issues in this case. (AR 23, 319.)

evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

**DISCUSSION**

Plaintiff alleges the following two errors: (1) the ALJ violated the district court's prior remand order by changing Plaintiff's RFC from medium to light; and (2) the ALJ's improperly determined that Plaintiff's past job as a sewing machine operator constituted past

4

relevant work. (Joint Stip. at 4.) For the reasons discussed below, the Court concludes that these issues do not warrant reversal of the ALJ's decision.

## I. Reassessment Of Plaintiff's RFC (Issue One)

Plaintiff contends that the ALJ failed to comply with the district court's remand order by reassessing the issue of Plaintiff's RFC and changing it from light to medium work. (Joint Stip. at 5-8, 10-11.)

### A. Applicable Law

"Both the law of the case doctrine and the rule of mandate apply in the social security context." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Id*. (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). In the Social Security context, prior findings by an ALJ such as, for example, a step four determination that a claimant cannot perform his past relevant work generally "should not be reconsidered under the law of the case doctrine." *Id*. "The doctrine of law of the case comes into play only with respect to issues previously determined." *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979). In other words, "the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). "Application of the doctrine is discretionary." *Id*. Thus, even if the doctrine applies, a court may exercise its discretion to depart from it because of exceptions that arise "when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567 (citing *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991)).

"The rule of mandate is similar to, but broader than, the law of the case doctrine." *Stacy*, 825 F.3d at 567-68 (quoting *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)). "The rule provides that 'any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it.'" *Stacy*, 525 F.3d at 568 (quoting *Hall*, 697 F.3d at 1067). "The district court may, however, 'decide anything not foreclosed by the mandate.'" *Id*. In the Social Security context, "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).

**B.     Analysis**

In the first administrative decision, the ALJ determined that Plaintiff had an RFC for light work. (AR 23.) In her first action in the district court, Plaintiff did not raise the issue of RFC but raised several related issues, such as the ALJ's evaluations of the medical evidence and Plaintiff's credibility. The previously-assigned Magistrate Judge found that reversal was warranted only on the issue of the ALJ's failure to properly consider the opinion of Plaintiff's chiropractor and remanded the matter for further administrative proceedings. (AR 351-58, 363-65.) The previously-assigned Magistrate Judge either declined to consider Plaintiff's other claims or rejected them. (AR 356 at n.1, 358-63.) Upon remand, the ALJ revisited the issue of RFC and determined that Plaintiff had an RFC for medium work. (AR 319.) Plaintiff contends that this revised RFC determination upon remand was erroneous under *Stacy*, apparently by violating either the law of the case doctrine or the rule of mandate. (Joint Stip. at 5-8, 10-11.) The Court rejects both contentions.

The ALJ was not constrained by the law of the case doctrine from reassessing Plaintiff's RFC because the previously-assigned Magistrate Judge did not decide the issue of

Plaintiff's RFC, either explicitly or by necessary implication. *See Quern*, 440 U.S. at 347 n.18; *Lummi Indian Tribe*, 235 F.3d at 452. The only error found by the previously-assigned Magistrate Judge was the ALJ's failure to properly consider the opinion of Plaintiff's chiropractor, a legal error which warranted remand for further administrative proceedings. (AR 356-58, 363-64.) As Plaintiff admits (Joint Stip. at 6), the consequence of that finding was that the ALJ upon remand was required to assess the chiropractor's opinion and determine whether to credit it.[2] Because the chiropractor's opinion about Plaintiff's functional limitations was inherently intertwined with the issue of RFC, the ALJ was not precluded from reassessing the RFC after evaluating the chiropractor's opinion. Thus, the law of the case doctrine did not apply. *See Poppa v. Astrue*, 569 F.3d 1167, 1170-71 (10th Cir. 2009) (holding that the law of the case doctrine did not preclude an ALJ from making a new RFC determination where the district court's remand order did not decide that issue but permitted a reassessment of the claimant's credibility, which was inherently intertwined with the new RFC determination).

For substantially similar reasons, the ALJ did not violate the rule of mandate by revising the previous determination of Plaintiff's RFC. The scope of the previously-assigned Magistrate Judge's remand order was broad. (AR 363-64.) Nothing in that order precluded the ALJ upon remand from taking new evidence reflecting upon Plaintiff's functional abilities, which would have necessarily affected the issue of RFC. Nor was there anything in the remand order to bind the ALJ to any particular finding in the five-step sequential evaluation. Thus, because nothing in the remand order could be read to impose any restrictions on the ALJ's analysis, the rule of mandate was not violated by the ALJ's revised

---

[2] Although the previously-assigned Magistrate Judge did assume that the chiropractor's opinion was credited as true for the purpose of determining the appropriate remedy (AR 364), this assumption was not the law of the case. *See Lucas Automotive Engineering Inc. v. Bridgestone/Firestone Inc.*, 275 F.3d 762, 766-67 (9th Cir. 2001) (holding that an assumption that was made for the purpose of resolving another issue was not the law of the case); *Continental Ins. Co. v. Federal Express Corp.*, 454 F.3d 951, 954 (9th Cir. 2006) (same).

RFC determination.  *See Stacy*, 825 F.3d at 568-69 (holding that an ALJ's revised step four determination did not violate the rule of mandate because the district court issued a remand order that was similarly "expansive").

In sum, the ALJ did not violate the law of the case doctrine or the rule of mandate by reassessing Plaintiff's RFC to medium work.  It follows that the ALJ's step four determination was supported by substantial evidence and free of legal error because each of the jobs identified at step four required a capacity for medium or light work.  (AR 325.)  As discussed below in Issue Two, however, even if Plaintiff is correct that the reassessed RFC was legally erroneous, so that Plaintiff's RFC should have remained for light work, the error was harmless because the ALJ properly found at step four that Plaintiff could perform past relevant work that included a job classified as light work.[3]

## II. Plaintiff's Past Relevant Work (Issue Two)

Plaintiff contends that the ALJ erroneously classified her past job as a sewing machine operator as "past relevant work" because she performed that work more than 15 years before her date last insured.  (Joint Stip. at 11-14, 18-19.)

//
//

---

[3] In her reply brief for Issue One, Plaintiff's counsel appears to contend that the Court "should reverse for consideration" of a treatment note written by Plaintiff's treating physician, Dr. Tahl. (Joint Stip. at 11.)  Because this contention is raised for the first time in the reply brief, it is waived and the Court declines to consider it.  *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (citation and internal quotation marks omitted); *Thrasher v. Colvin*, 611 F. App'x 915, 918 (9th Cir. 2015) (finding Social Security claims waived when raised for the first time in a reply brief) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999)); *Carter v. Astrue*, 413 F. App'x 899, 906 (9th Cir. 2011) (same).

### A. Applicable Law

"At step four, claimants have the burden of showing that they can no longer perform their past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "Past relevant work" is work that a claimant has done in the past 15 years, that was substantial gainful activity, and that lasted long enough for a claimant to learn to do it. *See* 20 C.F.R. § 404.1560(b)(1). For DIB cases, the 15-year period is measured as the period immediately preceding the claimant's date last insured. *See* Social Security Ruling ("SSR") 82-62, 1982 WL 31386, at *2 ("In those title II cases in which the claimant's disability insured status was last met prior to adjudication, the work performed for the 15-year period preceding the date the title II disability insured status requirement was last met would generally be considered relevant, since the claimant's capacity for [substantial gainful activity] as of that date represents a critical disability issue."). The Commissioner generally does not consider older work to be past relevant work because a "gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply." *See* 20 C.F.R. § 404.1565(a).

### B. Analysis

During the latest administrative hearing, Plaintiff's counsel argued that Plaintiff's past job as a sewing machine operator should not be classified as past relevant work because she last performed it in November 1994, slightly more than 15 years before the date last insured of December 31, 2009. (AR 763-65.) The ALJ necessarily rejected that argument by eventually finding at step four that Plaintiff could perform her past relevant work as a sewing machine operator, which is light work. (AR 325.) The ALJ also found that Plaintiff could perform her past relevant work as a home health aide and child monitor, both of which require medium work. (*Id.*) Plaintiff concedes that the two latter jobs are past relevant work

and is challenging only the classification of the sewing machine operator job as past relevant work. (Joint Stip. at 12.)

As an initial matter, the Commissioner contends that the law of the case doctrine precludes Plaintiff from raising this issue because the previously-assigned Magistrate Judge already decided it. (Joint Stip. at 17.) To the contrary, this issue has not been decided previously, either explicitly or by necessary implication. The previously-assigned Magistrate Judge did decide and reject a claim about whether the job of sewing machine operator raised a conflict with the Dictionary of Occupational Titles (AR 358-61), but this is a separate and distinct issue from Plaintiff's current claim about whether that job should be classified as past relevant work because of its remoteness in time. Although the two claims both nominally involve the job of sewing machine operator, that similarity is too broad and generic to implicate the law of the case doctrine. *See, e.g., Al-Safin v. Circuit City Stores Inc.*, 394 F.3d 1254, 1258 (9th Cir. 2005) (holding that a prior decision about the validity of an arbitration agreement under federal law was not the law of the case about the validity of the same agreement under state law); *Milgard Tempering Inc. v. Selas Corp. of America*, 902 F.2d 703, 715-16 (9th Cir. 1990) (reasoning that a prior award of attorney's fees to a particular party could not be stretched by the law of the case doctrine into a "broad holding" about attorney's fees to any prevailing party). Thus, Plaintiff's current claim is not precluded by the law of the case doctrine.

However, the ALJ did not err by classifying the sewing machine operator job as past relevant work. Even if it were accepted as true that Plaintiff last worked as a sewing machine operator in November 1994, this would not have precluded the ALJ from classifying the job as past relevant work. The 15-year period is a guide, not a bright-line rule. *See* 20 C.F.R. § 404.1565(a) ("The 15–year *guide* is intended to insure that remote work experience is not currently applied.") (emphasis added); SSR 82-62, 1982 WL at 31386 at *2 ("[I]n some cases worked performed prior to the 15-year period may be

considered as relevant when a continuity of skills, knowledge, and processes can be established between such work and the individual's more recent occupations."); *see also Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 109 (6th Cir. 1989) (noting that the 15-year period is only a guide); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (noting that the 15-year period creates only a presumption). Rigid application of the 15-year period would make little sense here because by Plaintiff's own account the sewing machine operator job preceded the 15-year period by only 1 or 2 months. Moreover, the Commissioner's rationale for the 15-year period — the expectation that skills and abilities acquired in a job during that period continue to apply — diminishes in cases that involve unskilled occupations such as sewing machine operator. *See Smith*, 893 F.2d at 109. For these reasons, even if Plaintiff last worked as a sewing machine operator in November 1994, the ALJ did not err in classifying the job as past relevant work.

In any event, even this brief extension of the 15-year period is unnecessary because the record contains evidence from which it could reasonably be concluded that Plaintiff worked as a sewing machine operator less than 15 years before her date last insured of December 31, 2009. Notwithstanding Plaintiff's statement that she last worked as a sewing machine operator in November 1994 (AR 82), the record contains other evidence contradicting that statement. Plaintiff stated elsewhere in the record that she last worked as a sewing machine operator until 1995 (AR 404), which falls within the 15-year period. More significantly, this latter statement was corroborated by Plaintiff's earnings record, which demonstrates that she worked at a company called Racewear Designs Inc. from 1993 until 1995. (AR 399.) Thus, the record on the whole, particularly the undisputed earnings record, contained substantial evidence to support the ALJ's classification of the sewing machine operator job as past relevant work performed within the 15-year period. At most, Plaintiff's unsupported statement that she last performed the job in November 1994 raised an ambiguity that the ALJ was entitled to resolve. *See Burch*, 400 F.3d at 679 (noting that a district court will uphold

the Commissioner's decision when the evidence is susceptible to more than one rational interpretation).

In sum, the ALJ properly classified Plaintiff's past job as a sewing machine operator as past relevant work. Based on this job, Plaintiff failed to meet her burden of showing that she could no longer perform her past relevant work. *See Pinto*, 249 F.3d at 844. It is therefore unnecessary to address Plaintiff's separate argument about her past jobs as a home health aide and child monitor (Joint Stip. at 13-14), both of which Plaintiff concedes were properly classified as past relevant work (*Id*. at 12). Thus, this issue does not warrant reversal of the Commissioner's decision.

**CONCLUSION**

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration.\

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

//

//

//

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: May 10, 2018

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE